UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tanishia Hubbard, individual, | No. 2:20-CV-00670-KJM-EFB |
| Plaintiff, | ORDER |
| v. | |
| SEIU Local 2015, et al., | |
| Defendants, | |

Plaintiff Tanishia Hubbard, an In-Home Supportive Services (IHSS) provider, brings this § 1983 action against SEIU Local 2015, California State Controller Betty T. Yee and Attorney General of California Rob Bonta,[1] alleging violations of her First and Fourteenth Amendment rights to free speech and freedom of association. Plaintiff alleges she never authorized union dues deductions and the State Controller deducted dues from her wages without her consent. The State defendants and SEIU Local 2015 filed motions to dismiss. **The motions are granted.**

/////

/////

---

[1] Rob Bonta has served the Attorney General of California since April 23, 2021 and is substituted in place of Xavier Becerra. *See* Fed. R. Civ. P. 25(d).

1

# I. BACKGROUND

Hubbard is an in-home care provider caring for her son; she is enrolled in California's Medicaid (Medi-Cal) Program, In Home Supportive Services (IHSS), since approximately 2012. Compl. ¶ 19, ECF No. 1. She lives in a county in which IHSS providers are represented by SEIU Local 2015 under a collective bargaining agreement. *See id.* ¶ 14. California law authorizes its State Controller to "make any deductions from the wages of [IHSS] personnel . . . , who," like Hubbard, "are employees of a public authority," if the deductions are "agreed to by that public authority in collective bargaining with the designated representative of the [IHSS] personnel." Cal. Welf. & Inst. Code § 12301.6(i)(2); Compl. ¶ 17. In administering these IHSS supportive service programs, the State Controller must "[m]ake, cancel, or change a deduction or reduction at the request of the . . . organization authorized to receive the deduction or reduction." Cal. Gov't Code § 1153(a). The State Controller must also "[o]btain a certification from any . . . employee organization . . . requesting a deduction . . . that they have and will maintain an authorization, signed by the individual from whose salary or wages the deduction or reduction is to be made." *Id.* § 1153(b). "An employee organization that certifies that it has and will maintain individual employee authorizations shall not be required to provide a copy of an individual authorization to the Controller unless a dispute arises about the existence or terms of the authorization." *Id.*

Plaintiff alleges she never joined SEIU and never authorized dues deductions. *Id.* ¶ 20. Despite not authorizing SEIU Local 2015 to deduct dues from her wages, plaintiff alleges the union directed the State Controller to deduct money from her paycheck. *Id.* ¶¶ 2, 21–22. She sent a letter to SEIU in January 2019 attempting to stop the deductions. *Id.* ¶ 23. A month later SEIU responded to her letter noting the "next period" when she could cancel her dues authorization was "10/20/2019-11/3/219." *See* SEIU Letter at 2, ECF No. 1-1. Hubbard alleges she "had no means to test the truthfulness of the letter" because SEIU did not include a copy of her purported membership card in its communications. Compl. ¶ 26. In June 2019, she sent SEIU another written request to revoke her dues deductions. *See id.* ¶ 28. SEIU responded confirming "effective 3/25/2019" her status with the union had been converted to "non-member"

1  and her dues deductions "will stop within thirty (30) days" after her "anniversary date of
2  10/20/2019-11/3/2019" "on which [she] signed [her] membership card." *See* Second SEIU Letter
3  at 4, ECF No. 1-1.  SEIU still did not include a copy of her membership card. *See* Compl. ¶ 30.
4  On December 2019, SEIU mailed Hubbard a copy of her online membership card. Membership
5  Card at 6, ECF No. 1-1 (showing signature date of November 4, 2018). Based on a careful
6  review of that membership card, Hubbard alleges she did not fill out the online membership
7  application.  Compl. ¶ 34.

8      SEIU eventually cancelled plaintiffs' membership and directed the State Controller to stop
9  union dues deductions. *Id*. ¶ 32. On October 1, 2019, the State Controller ceased dues
10 deductions from Hubbard's wages. *See* Csekey Decl. ¶ 8, ECF No. 13.

11     Soon after the State stopped deducting union dues and fees from her earnings, plaintiff
12 brought this suit under 42 U.S.C. § 1983, alleging deprivation of her First Amendment right to
13 refrain from subsidizing the union's speech through dues absent her written consent, as provided
14 in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). Compl. ¶ 38. Plaintiff asserts this § 1983 action
15 against SEIU Local 2015, California State Controller Betty T. Yee and Attorney General of
16 California Rob Bonta, alleging violations of her First and Fourteenth Amendment rights to free
17 speech and freedom of association, *see id*. ¶¶ 36–51, and six state law claims against SEIU:
18 (1) Fraudulent concealment for allegedly concealing that plaintiff did not properly authorize dues
19 deductions, *see id*. ¶¶ 52–59, (2) Fraud by representing to plaintiff that she filled out a
20 membership card, *see id*. ¶¶ 62–68, (3) Negligent misrepresentation by negligently
21 misrepresenting to plaintiff that she filled out a membership card, *id*. ¶¶ 69–75, (4) Unjust
22 enrichment for withholding dues from plaintiff's wages and benefiting from those dues, *id*. ¶¶ 76–
23 79, (5) Conversion by "ordering the State Controller to deduct dues" from plaintiff's wages
24 "based upon an unauthorized membership card," *id*. ¶¶ 80–83, and (6) Intentional infliction of
25 emotional distress by wrongfully withholding dues from plaintiff's wages, *id*. ¶¶ 84–86. Plaintiff
26 seeks both prospective and retrospective relief. *Id*. at 12 (Prayer for Relief).

27     State defendants and SEIU Local 2015 have filed separate motions to dismiss under Rule
28 12(b)(1) and Rule 12(b)(6). State Defs.' Mot. to Dismiss (AG MTD), ECF No. 9; SEIU Mot. to

1  Dismiss (SEIU MTD), ECF No. 11.  Plaintiff opposes the motions, which are fully briefed.  *See*
2  Opp'n AG MTD, ECF No. 17; Opp'n SEIU MTD, ECF No. 18; AG Reply, ECF No. 26; SEIU
3  Reply, ECF No. 23.  On October 28, 2020, the court submitted the motions without a hearing.
4  *See* Minutes, ECF No. 25.  The motions overlap substantially, so the court addresses them
5  together here.

6  **II.   STANDING**

7  State defendants first argue plaintiff lacks standing for prospective relief because she has
8  not suffered a concrete "injury in fact."  *See* AG MTD at 15.  First, they note plaintiff is no longer
9  a union member and union dues are not being deducted from her paycheck.  *See id*.  Second,
10 plaintiff's injury from past dues deductions is traceable to her membership agreement with SEIU
11 Local and not California Welfare & Institutions Code section 12301.6(i)(2).  *Id*.  Third, a
12 favorable decision in this case will not provide plaintiff any relief because, defendants argue, she
13 is no longer paying any union dues.  *See id.*  For these same reasons, SEIU Local 2015 argues
14 plaintiff lacks standing to seek injunctive relief.  *See* SEIU Mem. P & A at 23, ECF No. 12.

15 To establish standing, plaintiff bears the burden of establishing three elements: (1) she
16 suffered an injury in fact, (2) the defendants caused that injury, and (3) it is likely the injury will
17 be redressed by a favorable judicial decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61
18 (1992).  An injury in fact is the "invasion of a legally protected interest" that is "concrete and
19 particularized" and "actual and imminent," not "conjectural or hypothetical."  *Van Patten*,
20 847 F.3d at 1042 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).  Given that
21 defendants voluntarily ceased the challenged conduct before her lawsuit was filed, plaintiff must
22 show "there exists some cognizable danger of recurrent violation, something more than the mere
23 possibility which serves to keep the case alive."  *United States v. W. T. Grant Co.*, 345 U.S. 629,
24 633 (1953).

25 Here, the challenged dues deductions stopped before plaintiff filed this lawsuit, and she
26 has not alleged or otherwise shown that any future violations are more than just a possibility.
27 SEIU, by contrast, has presented the declaration of its Member Services Director, Tom Csekey,
28 explaining the union membership department has been instructed to "flag [Hubbard's] name in its

1    database" so that any future membership and dues authorization in her name will be brought to
2    Mr. Csekey's attention for "review and confirmation before any action is taken to process."
3    Csekey Decl. ¶ 9.
4        Contrary to plaintiff's argument in opposition, *see* Opp'n SEIU MTD at 21, the court may
5    consider Csekey's declaration as evidence in determining whether plaintiff has standing.
6    Defendants' motions present a factual challenge; that is, they challenge the truth of the
7    complaint's allegation that Hubbard has presented the court with an "actual" controversy. *See*
8    Compl. ¶ 6; *see Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In
9    resolving a factual attack on jurisdiction, the district court may review evidence beyond the
10   complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*
11   And contrary to plaintiff's argument, no unresolved jurisdictional question is so intertwined with
12   the merits such that the court must consider the standard described in *Bell v. Hood*, 327 U.S. 678
13   (1946) and *Sun Valley Gasoline, Inc. v. Ernst Enterprises*, 711 F.2d 138 (9th Cir. 1983). The
14   factual question here, whether defendants were effecting dues deductions at the time plaintiff
15   filed her case, is independent of plaintiff's claims that the statutory regime is unconstitutional.
16       Plaintiff also argues the case is not moot because the State and SEIU could make the same
17   union-related deductions by virtue of the fact she might "*merely . . . continue living in California*
18   *and working as an in-home supportive services worker.*" Opp'n AG MTD at 11 (emphasis in
19   original) (relying on *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)). Plaintiff
20   contends the absence in the statute of any independent verification requirement means the same
21   circumstance she alleges in her complaint "could easily happen to her again, because it *did* easily
22   happen to her in the first place." *Id.* (emphasis in original). Plaintiff's argument confuses
23   standing and mootness. Mootness is possible only if a plaintiff had standing "at the
24   commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
25   528 U.S. 167, 189 (2000). "[I]f a plaintiff lacks standing at the time the action commences, the
26   fact that the dispute is capable of repetition yet evading review will not entitle the complainant to
27   a federal judicial forum." *Id.* at 191; *see also Renne v. Geary,* 501 U.S. 312, 320 (1991) ("[T]he
28   mootness exception for disputes capable of repetition yet evading review . . . will not revive a

1  dispute which became moot before the action commenced."). This case is therefore different
2  from others, such as *Belgau v. Inslee*, in which the plaintiffs had standing when the case began.
3  *See* 975 F.3d 940, 949 (9th Cir. 2020).

4  In sum, plaintiff does not have standing to seek prospective relief against the State
5  defendants or SEIU. The claims against the State defendants are dismissed in their entirety as
6  barred by the Eleventh Amendment. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*,
7  465 U.S. 89, 101 (1984); *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*,
8  527 U.S. 666, 669 (1999). The court turns to SEIU's motion to dismiss the plaintiffs'
9  retrospective claims under Rule 12(b)(6).

## III.   MOTION TO DISMISS

### A.   Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

**B.     State Action**

To state a § 1983 claim, plaintiff must plausibly allege SEIU deprived her of a right secured by the Constitution "under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015) (citation omitted). The court asks whether the pleadings allege, first, "the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority," and second, whether defendant is "appropriately characterized as [a] 'state actor[].'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). A plaintiff has pled a claim only when the answers to both questions is "yes." *See Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir. 1989) (citing *Lugar*, 457 U.S. at 937–39). Here, the answer to the second question is "no," so the court need not address the first.

Although there is a kind of connection between plaintiff's alleged constitutional violation and state action, SEIU's allegedly false representations to the State Controller do not show it acted in concert with the state. Under analogous circumstances, courts within the Ninth Circuit have repeatedly found a union's authorization of dues, even if fraudulently made, does not transform the union's exclusively private act into state action under any of the four conceivable tests: (1) the public function test; (2) the joint action test; (3) the state compulsion test; or (4) the governmental nexus test. *See, e.g.*, *Semerjyan v. Serv. Emps. Int'l Union Loc. 2015*, 489 F. Supp. 3d 1048, 1058 (C.D. Cal. 2020) (rejecting nearly identical argument regarding delivery of in-home supportive services based on § 12301.6(i)(2)[2]; clarifying "Union is not a state actor under the public function test . . . or the joint action test"); *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 445 F. Supp. 3d 695, 704 (C.D. Cal. 2020) (same; union deduction of membership dues does not meet any of the four tests); *Quirarte v. United Domestic Workers*

---

[2] "The Controller shall make any deductions from the wages of in-home supportive services personnel or waiver personal care services personnel, who are employees of a public authority . . . , that are agreed to by that public authority in collective bargaining with the designated representative of the in-home supportive services personnel or waiver personal care services personnel . . . and transfer the deducted funds as directed in that agreement." Cal. Welf. & Inst. Code § 12301.6(i)(2).

7

1    *AFSCME Local 3930*, 438 F.Supp.3d 1108, 1115-17 (S.D. Cal. 2020) (same).  These decisions
2    are well-reasoned, and the court agrees with them.
3          Additionally, this court in two recent cases has found the State Controller's fee deduction
4    on behalf of a union did not render the union a state actor under the joint action test even where
5    there is no fraud.  *See Polk v. Yee*, No. 18-2900, 2020 WL 4937347, at *4 (E.D. Cal. Aug. 24,
6    2020); *Kurk v. Los Rios Classified Emps. Ass'n*, No. 2:19-CV-00548, 2021 WL 2003134, at *5
7    (E.D. Cal. May 19, 2021).
8          In *Polk* and *Kurk*, this court relied on *Belgau v. Inslee*, *supra*.  In *Belgau*, the Ninth Circuit
9    dismissed plaintiff's § 1983 claims against the union, reasoning "constitutional standards are
10   invoked only when it can be said that the State is *responsible* for the specific conduct of which
11   the plaintiff complains."  975 F.3d at 946.  *Id.* (emphasis in original).  Here, plaintiff does not
12   contest the State's authority to deduct union dues when an employee has agreed to pay union dues
13   and she does not allege the State Controller knew plaintiff had not authorized dues deductions.
14   Instead, plaintiff's claimed constitutional harm stems from the State Controller's reliance on the
15   union for certification of an employees' authorization of dues deductions without separately being
16   required "to obtain legally valid consent from the IHSS Providers before deducting dues."  *See*
17   Compl. ¶¶ 49–50.  Given these allegations, the source of plaintiff's purported constitutional harm
18   is not a state statute or policy providing for a state agency to have "so far insinuated itself into a
19   position of interdependence" with the non-governmental party so as to be recognized as a "joint
20   participant" in the challenged activity, *Belgau,* 975 F. 3d at 947; rather the alleged wrongful
21   conduct stems from the union's authorization of dues, an exclusively private act for which the
22   Controller is not responsible.  Allegations such as plaintiff's, that the State Controller was
23   "relying entirely on unsubstantiated claims by the Union" to deduct union from plaintiff's wages,
24   Compl. ¶ 48, describe the type of "passive acquiescence" that does not create state action.  *Bain v.*
25   *California Tchrs. Ass'n*, 156 F. Supp. 3d 1142, 1153 (C.D. Cal. 2015).
26         SEIU does not qualify as a state actor for purposes of plaintiffs' § 1983 claims against it.
27   Claims one and two must be dismissed.

### C. Leave to Amend

If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . ." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016). However, leave to amend need not be granted if amendment would be futile. *See Garmon v. County of L.A.*, 828 F.3d 837, 842 (9th Cir. 2016). Here, no amendment can overcome plaintiff's lack of standing to seek prospective relief against the State defendants or SEIU or to pursue her § 1983 claims against SEIU for retrospective relief. The court dismisses all of plaintiff's federal claims without leave to amend.

### D. State Law Claims

The court declines to exercise its discretion under 28 U.S.C. § 1367(c)(2) to retain supplemental jurisdiction over plaintiff's six state law claims against SEIU. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."). The court dismisses these claims without prejudice to plaintiff's refiling them in state court.

## IV. CONCLUSION

**The motions to dismiss are granted**. This order resolves ECF Nos. 9 and 11. The status pretrial scheduling conference set for August 19, 2021 is vacated. The case is CLOSED.

IT IS SO ORDERED.

DATED: August 5, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

9